TUCKER, P.
The only questions of importance in this case are those which arise out of the warranty in the deed of trust to May and Jones. The effect of that covenant of warranty was to give to the bar-gainees of the trust premises, in case of eviction, a right of recovery in value from the bargainor if living, or, if he be dead, to charge his heirs for the damages sustained by the breach of covenant, lo the value of the assets descended to them. Moreover, in the case of an incumbrance on the land anterior to that in question, the covenant is broken so soon as the bar-gainee has been turned out of possession by the first incumbrancer, or even so soon as he has been compelled in invitum to pay off the first incumbrance. 2 Romax’s Dig. 273; Hamilton v. Cutts, 4 Mass. Rep. 349. There is no necessity for him to involve himself in a law suit, to defend himself against a title which he is satisfied must ultimately prevail. Sprague v. Baker, 17 Mass. Rep. 586. For the ’’covenant to warrant and defend implies a covenant for quiet enjoyment, Emerson v. Proprietors of land in Minot, 1 Mass. Rep. 464, and it is broken by any lawful disturbance of a third person. In this case, therefore, the rights of the prior incum-brancer having been enforced by sale, and the incumbrance of 1he bargainees May and Jones thereby altogether defeated, the covenant of warranty may well be considered as broken.
The next question is as to the measure of damages. In case of a sale, the measure is the value at the time of the same, and the test of this value is the purchase money. But in case of an incumbrance, this principle can have no application, for price is not a subject of adjustment in the treaty for a security. Adequacy alone is inquired into. The true measure of damages, therefore, in case of eviction by superior title, is the value of the mortgaged or trust subject at the time of eviction, provided it do not exceed the amount of the debt secured; for it is obvious the creditor can never be damaged to a greater amount than that. If this view of the matter be correct, then it is clear that there is no error herein to the prejudice of the appellants; for the damages are taken to be 2035 dollars only, while the debt was 2700 dollars.
It is said, however, that the right of the parties to damages for breach of this covenant could only be asserted at law', and that a court of equity could not properly *568 estimate them. As a general principle, this is true; but here the plaintiffs, having no rights but by the equitable principle of substitution, could assert no remedy at law. They could only get relief in equity. Moreover, although it is generally true that damages should be inquired of by an issue at law, yet here that could not be necessary, since the damages were fixed and already certain. The damage was the value of the land lost, and that value was ascertained by what it sold for. The debt of Haffey to Williamson was paid *out of a trust subject to which the second incumbrances had title, and Haffey could not complain, nor can his heirs complain, at reimbursing the second incumbrances to the full value of what has been paid for him to their prejudice. In this view of the matter, an issue must have been superfluous.
The decree, however, is erroneous .in directing a sale for cash. .
As to the other errors assigned, there is nothing in them, as they were not made objections in the circuit court.
On the whole, I am of opinion to reverse the decree, as to the direction to sell for cash, and affirm for the residue.
The other judges concurred.
The decree entered in the court of appeals was as follows:
“The court is of opinion that the legal effect and operation of the deed of trust from Haffey to May and Jones, and of the covenant of warranty therein contained, was, to entitle the parties for whose benefit it was executed, or those who might be substituted to their rights, to charge the real assets descended with such damages as may have arisen from a breach of that covenant. The court is further of opinion that the sale of the trust property under an anterior deed of trust was a breach of the covenant, and that the measure of damages was not (so far at least as the appellants were concerned) improperly fixed at the price for which it sold. The court is further of opinion that as the plaintiffs claim by substitution only, their .remedy was properlj" in a court of equity, where only the principles of substitution can be properly enforced. The court, however, is of opinion, that though in this case the long time that would elapse, before the application of the *net amount of rents from year to year to the discharge of the appellees’ claim would satisfy it, forbade a resort to that mode of providing the means of satisfying that claim, and justified the court below in accelerating that satisfaction by- a sale; jret, in the proper exercise of judicial discretion, the court below ought not to have decreed such sale to be made for cash, but such sale should have been made on a reasonable credit, which in this case is deemed to be a credit of six, twelve and eighteen months for equal instalments of the purchase money.” Therefore, decree reversed so far as it directs the sale to be for cash, and affirmed-in other respects, with costs to appellants ; and cause remanded for further proceedings.